UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                :
ROSEMARY DELVALLE,                                              :
                                                                :
                                        Plaintiff,              :
                                                                :
                        -v-                                     :
                                                                :
CAROLYN W. COLVIN, *Acting Commissioner of*                     :
*Social Security*,                                              :
                                                                :
                                        Defendant.              :
                                                                :
------------------------------------------------------------------------X

> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC #:**
> **DATE FILED: 3/25/15**

14 Civ. 1779 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Rosemary Delvalle brings this action pursuant to § 205(g) of the Social Security

Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

Social Security denying Delvalle's application for Supplemental Security Income ("SSI")

benefits. On September 26, 2014, defendant Carolyn W. Colvin, Acting Commissioner of Social

Security ("Commissioner"), moved for judgment on the pleadings pursuant to Federal Rule of

Civil Procedure 12(c). Before the Court is the February 11, 2015 Report and Recommendation

of the Honorable James C. Francis IV, United States Magistrate Judge, recommending that the

Court grant the Commissioner's motion. Dkt. 18 (the "Report"). For the following reasons, the

Court adopts the Report in full.

I.      **Background**[1]

Delvalle, now 42 years old, has worked as a cashier, a clothing store salesperson, a home health aide, and a stagehand.  She worked part-time in the latter two jobs until 2011, when she stopped working as a result of difficulty breathing.

On July 26, 2011, Delvalle applied for SSI benefits, based on her asthma, HIV status, and depression.  Delvalle alleged that she had been disabled since October 19, 2010.  On November 4, 2011, Delvalle's application for SSI benefits was denied.  Delvalle timely requested and was granted a hearing before an Administrative Law Judge ("ALJ").  On December 18, 2012, the ALJ conducted a hearing, at which Delvalle testified.

On January 13, 2013, the ALJ issued a decision finding that Delvalle was not disabled and thus not entitled to benefits.  He determined that Delvalle was capable of performing her past job as a cashier, and that there were other jobs existing in significant numbers in the national economy that she could perform, for example, as a cafeteria attendant or a small-parts assembler. On February 20, 2014, the Appeals Council denied Delvalle's request for review.

On March 7, 2014, Delvalle, proceeding *pro se*, commenced the present action.  *See* Dkt. 2 ("Complaint").  The Complaint asserts that the ALJ's decision was erroneous, unsupported by the medical evidence and testimony presented before and during the hearing, and contrary to governing law.  *Id.* ¶ 9.  On September 26, 2014, the Commissioner answered.  Dkt. 16.

On that same day, the Court referred the case to Magistrate Judge Francis, Dkt. 17, and the Commissioner filed a motion for judgment on the pleadings, Dkt. 12, and a supporting memorandum of law, Dkt. 13.

---

[1] The Court's summary of the facts of this case is drawn from the Report's detailed account of the facts, to which neither party objects.

On February 11, 2015, Judge Francis issued the Report, recommending that the Commissioner's motion for judgment on the pleadings be granted.  Dkt. 18.  The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance.  *See* Report at 35.  On March 4, 2015, Judge Francis issued an order, notifying Delvalle that failure to file objections would preclude appellate review, and provided the parties another 14 days from the date of the order's issuance to file objections to the Report.  Dkt. 19.  On March 16, 2015, Delvalle filed objections to the Report.  Dkt. 20 ("Pl. Obj.").

## II.     Discussion

### A.     Applicable Legal Standards

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Where a party timely objects to a Report and Recommendation, the district court reviews those portions of the report to which the party

objected *de novo.* 28 U.S.C. § 636(b)(1)(C). However, "it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *accord Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). That is, "courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted).

**B.      Delvalle's Objections to the Report**

Delvalle raises two objections to Judge Francis' Report. The Court addresses these in turn.

First, Delvalle argues that the Commissioner's motion for judgment on the pleadings should not be granted, "based on the provided medical papers and treatments submitted." Pl. Obj. 1. In fact, Judge Francis' Report thoughtfully reviewed the administrative record, which was more than 400 pages long, Report 2–15, and considered the relevant medical evidence in its analysis of the ALJ's decision denying Delvalle SSI benefits, *id.* at 29–34. Judge Francis found that "the ALJ properly concluded that Ms. Delvalle was not disabled and therefore not entitled to SSI benefits." *Id.* at 34. Because Delvalle's claim here merely recapitulates, in perfunctory fashion, a claim raised before and considered by Judge Francis, the Court reviews the Report's conclusion for clear error. *Ortiz*, 558 F. Supp. 3d at 451. The Court finds none.

Second, Delvalle contends that her medical status has worsened since the Commissioner's decision to deny her Social Security disability benefits. In support of that claim, she attaches eight pages of medical records, from three separate hospital visits last month (on

4

February 4, 8, and 18, 2015).  Pl. Obj. 4–12.  "While the Social Security Act authorizes a district

court to remand for consideration of new evidence, *see* 42 U.S.C. § 405(g), such a remand

requires the claimant to demonstrate, *inter alia*, that the evidence is 'material, that is, both

relevant to the claimant's condition *during the time period for which benefits were denied* and

probative.'"  *Camacho v. Comm'r of Soc. Sec.*, No. 04 Civ. 2006 (FB), 2005 WL 3333468, at *4

(E.D.N.Y. Dec. 6, 2004) (quoting *Tirado v. Brown*, 842 F.2d 595, 597 (2d Cir. 1988)).  Here, the

evidence provided by Delvalle relates to conditions that have allegedly arisen or worsened since

her Social Security disability benefits application was denied.  All three of the alleged hospital

visits occurred after the Commissioner's determination that Delvalle is not disabled; in fact, the

last hospital visit took place seven days after Judge Francis issued his Report.  Thus, Delvalle's

"proffer that her condition has worsened since the Commissioner's determination is immaterial

because it concerns events after the Commissioner's decision to deny her benefits."  *Petty v.

Colvin*, No. 12 Civ. 1644 (LTS) (RLE), 2014 WL 2465109, at *2 (S.D.N.Y. June 2, 2014).

However, Delvalle, based on her allegedly deteriorating condition, is welcome to reapply

for Social Security disability benefits.  *See id.* at *2; *Camacho*, 2005 WL 3333468, at *4

("[Plaintiff] is, of course, free to reapply for benefits based on conditions that have developed or

worsened since the ALJ rendered his decision."); *Velasquez v. Barnhart*, No. 03 Civ. 6448

(SAS), 2004 WL 1752825, at *4 (S.D.N.Y. Aug. 4, 2004) ("If [plaintiff]'s condition has indeed

worsened since the ALJ issued his opinion . . . , she is encouraged to reapply for benefits.");

*Ryles v. Sec'y of Health & Human Servs.*, 526 F. Supp. 1141, 1143 (E.D.N.Y. 1981) ("[I]f a

claimant's physical condition should deteriorate after a claim has been denied, the proper

procedure is to reapply for disability benefits based upon the facts as they then exist.").

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full.  The Commissioner's motion for judgment on the pleadings is granted.  The Clerk of Court is directed to terminate the motion pending at docket number 12, and to close this case.


SO ORDERED.

*Paul A. Engelmayer*

_____
Paul A. Engelmayer
United States District Judge


Dated: March 25, 2015
      New York, New York